**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Michael Dell,
Plaintiff

v.

Arvada Ralston Medical Center LLC, d/b/a First Choice ER, a Texas limited liability company, and A.S.A.P. Laboratories, LLC, a Texas limited liability company,
Defendants.

_____

**COMPLAINT AND CERTIFICATE OF REVIEW**
_____

Plaintiff Michael Dell, through counsel, Lorraine Parker and Dan Lipman of Parker Lipman LLP, alleges as follows:

**CERTIFICATE OF REVIEW**

Pursuant to C.R.S. § 13-20-602, undersigned counsel certifies as follows:

a.  Counsel has consulted with licensed professionals with expertise in the areas of the alleged negligent conduct as set forth in this Complaint;

b.  The licensed professionals who have been consulted have reviewed all known facts relevant to the allegations of negligent conduct as complained of in this Complaint;

c.  Based upon such facts, the licensed professionals have concluded that the filing of claims against the Defendants does not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

  d. The licensed professionals who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's Complaint meet the requirements set forth in C.R.S. § 13-64-401.

## JURISDICTION AND VENUE

1. Plaintiff Michael Dell is a resident of the State of Colorado.

2. Defendant Arvada Ralston Medical Center LLC, d/b/a First Choice ER ("FCER") is a Texas limited liability company with a principal place of business of 2941 S. Lake Vista Drive, Suite 200, Lewisville, Texas, 75067.

3. Defendant A.S.A.P. Laboratories LLC ("ASAP") is a Texas limited liability company with a principal place of business of 5701 4th Street, Katy, Texas, 77493.

4. The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of interest and costs, taking into account the nature, extent, and permanency of the injuries sustained by Michael Dell, and the reasonable actual, general, economic and non-economic injuries and damages sustained by Michael Dell.

5. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

6. This Court has personal jurisdiction over the Defendants because the negligent acts occurred in Colorado.

## FACTUAL ALLEGATIONS

7. On March 16, 2014, Plaintiff Michael Dell, then 17 years of age, developed extreme pain in his testicle.

8. Plaintiff and his parents were new to Colorado; his mother looked up a nearby urgent care center, FCER, and noted that its website advertised CT Scanners,

Digital X-ray and Ultrasound services, with "preliminary reports from radiologist within 30 minutes" and board-certified physicians.

9. Mrs. Dell therefore took her son to the FCER located at 9505 Ralston Road, Arvada, Colorado, arriving at approximately 13:50.

10. The physician on duty at FCER, Dr. Michael Fallon, told Plaintiff and his mother that he would order an ultrasound to check for testicular torsion.

11. Dr. Fallon explained that in the case of testicular torsion, there was generally a six-hour window from the start of pain to save the testicle through a surgical procedure.

12. Dr. Fallon further explained that, given that Plaintiff's pain had started four hours earlier, sufficient time remained to diagnose him and get him to a hospital, if necessary, in order to save his testicle.

13. Dr. Fallon wrote an order for a testicular ultrasound at 13:55.

14. Upon information and belief, the ultrasound was performed by an employee or contracted sonographer of Defendant ASAP, Sandra [last name unknown].

15. Defendant ASAP's sonographer interpreted the testicular ultrasound as follows:

> Rt & Lt testicle WNL.  Venous & art[erial] flow noted in bilateral testicles.  Lt epi head is enlarged and very vascular.  Small Lt hydrocele seen.  No intra or extra testicular masses or hernia seen bilaterally.

16. Upon information and belief, Dr. Michael Fallon relied upon the sonographer's interpretation, which made no finding of testicular torsion, and diagnosed Plaintiff as having epididymitis (an infection) and discharged Plaintiff at 15:23 without referring him to a hospital for emergent surgical intervention.

17. Plaintiff followed the discharge instructions provided by Dr. Fallon.

18. Over the next three weeks his left testicle was swollen and mildly painful.

19. By April 8, 2014, Plaintiff's left testicle pain worsened and he consulted his primary care provider, who ordered another testicular ultrasound.

20. The second testicular ultrasound revealed suspected testicular infarction, with torsion as a possible cause.

21. Plaintiff was referred to Children's Hospital Colorado for definitive evaluation and treatment.

22. Children's Hospital Colorado health care providers evaluated Plaintiff has having testicular torsion, likely necrotic.

23. On April 8, 2014, Dr. Jeffrey Campbell performed a left scrotal orchiectomy, during which he noted that the testis and epididymis were ischemic.

## FIRST CLAIM FOR RELIEF
(Negligence – FCER)

24. Defendant FCER owed its patients, including Plaintiff, a duty to employ or contract with competent sonographers for the provision of ultrasound services.

25. FCER had a duty to ascertain and ensure the competence of the sonographers it employed or contracted with to provide ultrasound services to its patients.

26. Upon information and belief, prior to March 16, 2014, FCER was aware that sonographers employed or contracted through ASAP had provided substandard ultrasound services.

27. FCER breached its duty to Plaintiff and was negligent by employing or contracting with ASAP to provide sonography services and not ensuring that the

sonographers provided were competent to perform and evaluate testicular ultrasounds, and by not ensuring the competence of the sonographers prior to allowing them to practice at FCER facilities.

28. FCER owed Plaintiff a duty, if it was going to offer ultrasound services, to supply ultrasound equipment capable of providing images of sufficient quality so as to enable sonographers and physicians to correctly interpret the images.

29. Upon information and belief, the ultrasound equipment provided by FCER on March 16, 2014, was not capable of providing images of sufficient quality to properly interpret the images.

30. FCER breached its duty to Plaintiff and was negligent in failing to provide imaging equipment of sufficient quality to permit proper interpretation of the images.

31. As a direct and proximal cause of FCER's negligent selection and retention of sonography services and substandard sonography equipment, Plaintiff was not properly and timely diagnosed with testicular torsion, thus his left testicle became ischemic and necrotic and required surgical removal.

32. Plaintiff has suffered and will suffer injuries and damages including pain and suffering, disfigurement, humiliation, emotional distress and anxiety, inconvenience, and medical expense.

## SECOND CLAIM FOR RELIEF
### (Negligence – ASAP)

33. At all relevant times, Plaintiff was under the care of Sonographer Sandra [last name unknown], believed to be an employee or contractor of ASAP.

34. Defendant ASAP owed Plaintiff a duty to supply competent sonographers for ultrasound services at FCER.

35. Defendant ASAP owed Plaintiff a duty to ensure the competence of sonographers it supplied to FCER, and to evaluate and assess the competence of the sonographers so supplied.

36. Defendant ASAP breached its duty and was negligent by failing to ensure the competence of sonographer Sandra [last name unknown], and by supplying an incompetent sonographer.

37. ASAP owed Plaintiff a duty, if it was going to offer ultrasound services, to supply ultrasound equipment capable of providing images of sufficient quality so as to enable sonographers and physicians to correctly interpret the images.

38. Upon information and belief, the ultrasound equipment provided by ASAP on March 16, 2014, was not capable of providing images of sufficient quality to properly interpret the images.

39. ASAP breached its duty to Plaintiff and was negligent in failing to provide imaging equipment of sufficient quality to permit proper interpretation of the images.

40. Defendant ASAP, acting through its employees and contractors, owed a duty of care to Plaintiff to properly and timely interpret his testicular ultrasound.

41. Defendant ASAP, through its employees and contractors, breached its duties and was negligent by failing to properly and timely interpret Plaintiff's testicular ultrasound.

42. Defendant ASAP is responsible for the negligence of its employees, agents and contractors it supplied to Defendant FCER, both directly and vicariously.

43. As a direct and proximal cause of ASAP's negligent selection and retention of sonography services and substandard sonography equipment, Plaintiff was

not properly and timely diagnosed with testicular torsion, thus his left testicle became ischemic and necrotic and required surgical removal.

44.     Plaintiff has suffered and will suffer injuries and damages including pain and suffering, disfigurement, humiliation, emotional distress and anxiety, inconvenience, and medical expense.

## JURY DEMAND

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff requests judgment against the Defendants and compensatory damages in an amount to be determined by the trier of fact, pre- and post-judgment interest as allowed by law, costs, attorney's fees and such other and further relief as the Court may deem appropriate.

Respectfully submitted this 15th day of April, 2015.

*s/ Lorraine E. Parker*
Lorraine E. Parker
Parker Lipman, LLP
2300 15th Street, Suite 200
Denver, CO 80202
Telephone:  720-638-9424
FAX:  303-964-1900
E-mail:  lorraine@parkerlipman.com
Attorney for Plaintiffs